IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDIP KUMAR TANDEL, et al.,

     Plaintiffs,            No. 2:10-cv-03027 LKK KJN

     v.

KINGS ARCO ARENA LIMITED
PARTNERSHIP, et al.,

     Defendants.           ORDER & ORDER TO SHOW CAUSE
_____/

     Presently before the court is defendants' unopposed motion to compel further responses to various discovery requests served on plaintiffs (Dkt. No. 34).[1] Specifically, defendants' motion concerns the following interrogatories and requests for production, which were initially served on plaintiffs in June 2011:

     1.     Defendant City of Sacramento's First Set of Interrogatories to Plaintiffs, Interrogatories 1-3, 5-7, 9-10, 13-16, 19-25;

     2.     Defendant Kings Arco Arena Limited Partnership's First Set of Interrogatories to Plaintiffs, Interrogatories 1-3, 6-7, 9, 12, 14-22;

     3.     Defendant Royal Kings Arena Limited Partnership's First Set of

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

    Interrogatories to Plaintiffs, Interrogatories 1-25;

  4.  Defendant Gavin Maloof's First Set of Interrogatories to Plaintiffs, Interrogatories 1-3; and

  5.  Defendants' Demand for Identification, Production, and Inspection of Documents and Other Tangible Things, Set One (FRCP 34), Requests 1-4, 8-25, 27-29, 33-35.

The court heard plaintiff's motion to compel on its law and motion calendar on December 1, 2011. Attorneys Christopher Onstott and Jennifer Espanol appeared on behalf of defendants. Plaintiffs' counsel, Timothy S. Thimesch and Gene A. Farber, failed to appear at the hearing and did not communicate with the court or plaintiffs' counsel in advance of the hearing regarding their non-appearance. No other appearance was made on plaintiffs' behalf. Additionally, as amply demonstrated by Mr. Onstott's declaration in support of the motion to compel (Dkt. No. 36) and defendants "Affidavit on Non-Cooperation Re: Joint Statement Pursuant to Local Rule 251" (Dkt. No. 39), Mr. Thimesch and Mr. Farber materially failed to meet and confer with defendants' counsel in good faith regarding the pending discovery dispute, and also completely failed to participate in, or otherwise materially communicate with defendants' counsel about, preparation of the joint statement re discovery disagreement ("Joint Statement") required by this court's Local Rule 251. Accordingly, the undersigned summarily grants defendants' motion to compel pursuant to Local Rule 251(d).[2] Additionally, the

---

[2] This court's Local Rule 251(d) addresses a party's failure to participate in the drafting of a joint statement and provides:

> **Failure to Meet or Obtain Joint Statement.** If counsel for the moving party is unable, after a good faith effort, to secure the cooperation of counsel for the opposing party in arranging the required conference, or in preparing and executing the required joint statement, counsel for the moving party may file and serve an affidavit so stating, setting forth the nature and extent of counsel's efforts to arrange the required conference or procure the required joint statement, the opposing counsel's responses or refusals to respond to those efforts, the issues to be determined at the hearing, and the moving

1  undersigned orders Mr. Thimesch and Mr. Farber to show cause in writing why they: (1) failed to
2  meet and confer with defendants' counsel in good faith regarding the underlying discovery
3  dispute; (2) completely failed to participate in the drafting of the Joint Statement; (3) failed to
4  appear at the scheduled court hearing on December 1, 2011; and (4) should not be personally
5  ordered to pay to defendants the reasonable expenses, including attorneys' fees, incurred by
6  defendants in pursuing the motion to compel, or be otherwise sanctioned, pursuant to Federal
7  Rule of Civil Procedure 37 and Local Rule 110.

        Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (Dkt. No. 34) is granted in its entirety.

2. *On or before December 15, 2011*, plaintiffs shall further respond to defendants' subject discovery requests as follows:

    a. Plaintiffs shall provide further, complete, and coherent responses to defendant City of Sacramento's First Set of Interrogatories to Plaintiffs, Interrogatories 1-3, 5-7, 9-10, 13-16, 19-25.

    b. Plaintiffs shall provide further, complete, and coherent responses to defendant Kings Arco Arena Limited Partnership's First Set of Interrogatories to Plaintiffs, Interrogatories 1-3, 6-7, 9, 12, 14-22.

    c. Plaintiffs shall provide further, complete, and coherent responses to Defendant Royal Kings Arena Limited Partnership's First Set of Interrogatories to Plaintiffs, Interrogatories 1-25.

    d. Plaintiffs shall provide further, complete, and coherent responses to Defendant Gavin Maloof's First Set of Interrogatories to Plaintiffs, Interrogatories 1-3.

---

party's contentions with regard to the issues, including any briefing in respect thereto. Refusal of any counsel to participate in a discovery conference, or refusal without good cause to execute the required joint statement, shall be grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing or adverse to counsel. See L.R. 110.

    e. Plaintiffs shall provide all documents and things responsive to defendants' Demand for Identification, Production, and Inspection of Documents and Other Tangible Things, Set One (FRCP 34), Requests 1-4, 8-25, 27-29, 33-35.[3]

  3. *On or before December 15, 2011*, plaintiffs' counsel, Timothy S. Thimesch and Gene A. Farber, shall file a writing with the court showing good cause why they: (1) failed to meet and confer with defendants' counsel in good faith regarding the discovery dispute; (2) failed to participate in the drafting of the Joint Statement; (3) failed to appear at the scheduled court hearing on December 1, 2011; and (4) should not be personally ordered to pay to defendants the reasonable expenses, including attorneys' fees, incurred by defendants in pursuing the motion to compel, or be otherwise sanctioned, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 110.

  4. After Mr. Thimesch and Mr. Farber file their response to the order to show cause, the court may direct defendants to address in further briefing the amount of reasonable expenses that they incurred in connection with pursuing their motion to compel.  See Fed. R. Civ. P. 37(a)(5).

IT IS SO ORDERED.

DATED:  December 2, 2011

             _____
             KENDALL J. NEWMAN
             UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiffs shall respond to plaintiffs' request for production 1 as narrowed by defendants in their meet and confer letter and their portion of the Joint Statement filed with the court.