IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDIP KUMAR TANDEL, et al.,

        Plaintiffs,                   No. 2:10-cv-03027 LKK KJN

        v.

KINGS ARCO ARENA LIMITED PARTNERSHIP, et al.,

        Defendants.              ORDER

/

        On December 2, 2011, the court summarily granted defendants' motion to compel responses or additional responses, to several sets of discovery requests.[1] (See Order & Order to Show Cause, Dec. 2, 2011, Dkt. No. 41.) As the court noted in its order, plaintiffs' counsel materially failed to meet and confer with defendants' counsel in good faith regarding the pending discovery disputes; completely failed to participate in, or otherwise materially communicate with defendants' counsel about, preparation of the joint statement re discovery disagreement ("Joint Statement") required by Local Rule 251; and failed to appear at the hearing on defendants' motion to compel. (Id. at 2.) Notably, defendants repeatedly and unsuccessfully tried to secure plaintiffs' counsel's participation toward narrowing or resolving the discovery dispute, and

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

1  defendants' portion of the Joint Statement contained approximately 80 pages of text, excluding
2  exhibits.
3         In addition to granting defendants' motion to compel, the undersigned ordered
4  plaintiffs' counsel—Timothy S. Thimesch and Gene A. Farber—to show cause why they:
5  "(1) failed to meet and confer with defendants' counsel in good faith regarding the discovery
6  dispute; (2) failed to participate in the drafting of the Joint Statement; and (3) should not be
7  personally ordered to pay to defendants the reasonable expenses, including attorneys' fees,
8  incurred by defendants in pursuing the motion to compel, or be otherwise sanctioned, pursuant to
9  Federal Rule of Civil Procedure 37 and Local Rule 110." (Order, Dec. 2, 2011, at 4.) The
10 undersigned also advised plaintiffs' counsel that: "After Mr. Thimesch and Mr. Farber file their
11 response to the order to show cause, the court may direct defendants to address in further briefing
12 the amount of reasonable expenses that they incurred in connection with pursuing their motion to
13 compel.  See Fed. R. Civ. P. 37(a)(5)."  (Id.)
14        On December 16, 2011, plaintiffs's counsel filed a late response to the court's
15 Order to Show Cause (Dkt. No. 42), which the undersigned considered despite its tardiness.  In
16 addressing that response in a subsequent order, the undersigned stated: "plaintiffs' counsel state
17 in their response to the OSC that they prioritized another case ahead of this one and were thus
18 inattentive to plaintiffs' discovery obligations in this case.  Plaintiffs' counsel's reasons for their
19 complete lack of participation and communication with defendants' counsel are wholly
20 inadequate and in no way mitigate plaintiffs' complete failure to participate in resolution of the
21 underlying discovery dispute." (Order, Dec. 20, 2011, Dkt. No. 44.)  The undersigned awarded
22 defendants their reasonable expenses incurred in connection with pursuing their motion to
23 compel and ordered defendants to submit a declaration substantiating the expenses incurred by
24 defendants in moving to compel plaintiffs' compliance with their discovery obligations.  (Id.
25 at 2.)
26        Defendants filed a timely declaration, which seeks $13,252.75 in attorneys' fees

for the work performed by their counsel, Bruce Scheidt, Christopher Onstott, and Jennifer Espanol. (Scheidt Decl. ¶ 6, Dkt. No. 45.) Defendants also seek $469.24 in costs for electronic legal research, photocopying and printing charges, and service and postage charges. (Id.)

In regards to defendants' request for attorneys' fees as part of the award of reasonable expenses, the undersigned finds that defendants are entitled to recover all of the attorneys' fees sought. In general, the Ninth Circuit Court of Appeals has adopted the "lodestar" approach for assessing the award of reasonable attorneys' fees, and district courts have applied the lodestar approach in awarding attorneys' fees as a component of reasonable expenses awarded pursuant to Federal Rule of Civil Procedure 37. See, e.g., Global Ampersand, LLC v. Crown Eng'g & Constr., Inc., 261 F.R.D. 495, 502 (E.D. Cal. 2009); Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332-33 (N.D. Cal. 2008). The Court of Appeals has advised that the "'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). It has further held that "[a]lthough in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Id. (citation omitted).

Here, defendants summarize their request for attorneys' fees as follows:

| Attorneys | Rate | Hours | Totals |
|---|---|---|---|
| Bruce Scheidt | $375 | 1.5 | $562.50 |
| Christopher Onstott | $325 | 27.61 | $8,973.25 |
| Jennifer Espanol | $225 | 16.52 | $3,717.00 |
| Total Attorneys' Fees: | | | $13,252.75 |

(Scheidt Decl. ¶ 6 (footnotes omitted). Of note, defendants had erroneously filed a memorandum of points and authorities in support of their motion to compel, which defendants later withdrew

3

1  in light of the requirement of a Joint Statement in this court (Dkt. Nos. 35, 38.)  However,
2  because defendants' arguments contained in the memorandum were later used in the Joint
3  Statement, defendants included the fees related to preparation of the memorandum in their
4  request for attorneys' fees, but discounted the hours by two thirds.  (Id. ¶¶ 3 n.1, and 6 ns. 2-3.)
5  The undersigned finds that defendants' discounting methodology is reasonable.

6        The undersigned finds that the hourly rates for Mr. Scheidt, Mr. Onstott, and Ms.
7  Espanol are reasonable in light of the rates charged by comparable attorneys in the Eastern
8  District of California.  (See Scheidt Decl. ¶¶ 8-11.)  Additionally, the undersigned finds that the
9  number of hours expended by defendants' counsel in regards to the motion to compel is
10 supported by defendants' billing statements and is reasonable given the voluminous briefing and
11 plaintiffs' counsel's failure to cooperate in the narrowing of the issues presented to the court.
12 Accordingly, the undersigned orders plaintiffs' counsel to pay defendants $13,252.75 in
13 reasonable attorneys' fees.

14       As to defendants' requests for costs, the undersigned finds that defendants are
15 entitled to recover $467.26 in reasonable costs in connection with the motion to compel.  The
16 declaration submitted by defendants summarizes the costs sought as consisting of $390.56 in
17 electronic legal research costs, $66.70 in photocopying or printing charges, and $11.98 in service
18 or postage charges.  (Scheidt Decl. ¶ 6.)  However, the accompanying bills submitted by
19 defendants only substantiate reimbursable costs in amounts of $390.56 in electronic legal
20 research costs, $65.70 in photocopying or printing charges, and $11.*00* in service or postage
21 charges.  Accordingly, the reasonable amount of costs is $467.26,and not $469.24.  Thus, the
22 undersigned orders plaintiffs' counsel to pay defendants $467.26 in reasonable costs.

23       Accordingly, IT IS HEREBY ORDERED that:
24     1.    Defendants are awarded $13,252.75 in attorneys' fees and $467.26 in costs
25 as reasonable expenses incurred in pursuing their motion to compel plaintiffs' compliance with
26 plaintiffs' discovery obligations.  See Fed. R. Civ. P. 37(a)(5).

1      2.    Because plaintiffs' discovery failures are solely attributable to acts and omissions of plaintiffs' counsel, attorneys Timothy S. Thimesch and Gene A. Farber shall *personally* pay the amount of the award to defendants within 30 days of the date of this order. Messrs. Thimesch and Farber shall be jointly and severally liable for the payment of the award.

    3.    Within seven days of payment, Messrs. Thimesch and Farber shall file a declaration with the court, signed by both attorneys under penalty of perjury, confirming that they personally paid the award and that their clients in no way, either directly or indirectly, incurred the cost of that award.

IT IS SO ORDERED.

DATED: January 24, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE