IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDIP KUMAR TANDEL, et al.,

      Plaintiffs,                No. 2:10-cv-03027 LKK KJN

      v.

KINGS ARCO ARENA LIMITED PARTNERSHIP, et al.,

      Defendants.           <u>ORDER</u>

      Presently before the court is defendants' motion for monetary sanctions and evidentiary sanctions, the latter of which would, if granted, all but serve as terminating sanctions in this case.[1] (Mot. for Sanctions, Dkt. No. 49.) The court heard plaintiff's motion for sanctions on its law and motion calendar on April 12, 2012, and conducted a very lengthy hearing in order to understand plaintiffs' and plaintiffs' counsel's deficient discovery conduct in this litigation. Attorneys Christopher Onstott and Jennifer Espanol appeared on behalf of defendants. Attorney Gene A. Farber appeared on behalf of plaintiffs.

      In short, defendants' motion pertains to several sets of outstanding discovery requests, comprised of sets of interrogatories and document requests, that plaintiffs initially

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

failed to respond to and have failed to adequately respond to for approximately 11 months. Notably, the court previously sanctioned plaintiffs' counsel personally in regards to these same discovery requests, awarding defendants $13,252.75 in attorneys' fees and $467.26 in costs as reasonable expenses incurred in pursuing a motion to compel plaintiffs', and their counsel's, compliance with their discovery obligations. (See Order, Jan. 25, 2012, Dkt. No. 46; see also Order, Dec. 20, 2011, Dkt. No. 44; Order & Order to Show Cause, Dec. 2, 2011, Dkt. No. 41.)

As more thoroughly explored and explained at the hearing, the undersigned grants defendants' motion for sanctions in part. In short, the undersigned denies defendants' request for evidentiary sanctions at this time, with the understanding that defendants may eventually pursue such sanctions again, as discussed below. However, the undersigned awards defendants $16,983.95 in attorneys' fees and costs.[2] The undersigned also orders plaintiffs to serve complete and coherent discovery responses to the subject discovery requests no later than April 26, 2012.

Briefly stated, although plaintiffs' counsel, Mr. Farber, appeared to argue in good faith that he and his clients are "trying" to meet their discovery obligations, plaintiffs' counsel has demonstrated a blatant disregard for the Federal Rules of Civil Procedure and the level of practice expected of attorneys who appear in this court, or any court. For example, plaintiffs have relied, in blanket fashion, on the option to produce "business records" in response to interrogatories, see Fed. R. Civ. P. 33(d), despite the fact that plaintiffs concede that the documents to which they referred defendants are not actually business records. Even if those referenced documents—which, for example, consist of Wikipedia entries, internet search engine results, and headlines to electronic newspaper articles—are assumed to be business records within the meaning of Rule 33(d), those documents in no way demonstrate that the "burden of deriving or ascertaining the answer [to an interrogatory] will be substantially the same for either

---

[2] While recognizing the potential impact of the significant monetary sanctions in this case, the undersigned believes (and the record and hearing establish) that such sanctions are warranted, but are less severe than the evidentiary or terminating sanctions requested by defendants.

2

1  party," which Rule 33(d) requires.  Beyond that error, plaintiffs have served responses and meet-
2  and-confer letters that are vague, difficult to comprehend, and, with certain limited exceptions,
3  do nothing to provide usable information to defendants or the court.
4         Plaintiffs' and their counsel's failures are numerous, and Mr. Farber was unable to
5  cogently or coherently explain his and his clients' approach to the court.  Instead, Mr. Farber
6  repeatedly, and incredibly, relied on statements to the following effect: that "this is how it's
7  done"; that plaintiffs' counsel's conduct falls "within the standard of practice for attorneys who
8  practice in California courts"; and that this is how Mr. Farber has been litigating disability access
9  cases for over 40 years.  Mr. Farber also unsuccessfully attempted to parse what discovery
10 conduct is "technically" compliant versus "practically" compliant.  Mr. Farber's responses are
11 troubling and entirely unpersuasive.  Additionally, his characterization of what constitutes
12 acceptable practice in the California Superior Courts is not only woefully incorrect, but insulting
13 to the judges of those courts.
14         In regards to the amount of monetary sanctions to be awarded, defendants filed a
15 declaration, which substantiates an award of $15,930.00 in attorneys' fees for the work
16 performed by their counsel, Bruce Scheidt, Mr. Onstott, and Ms. Espanol.  (Scheidt Decl. ¶ 4,
17 Dkt. No. 49, Doc. No. 49-2.)  Defendants also seek $1,053.95 in costs for electronic legal
18 research.  (Id.)
19         In regards to defendants' request for attorneys' fees, the undersigned finds that
20 defendants are entitled to recover all of the attorneys' fees sought in Mr. Scheidt's declaration.
21 In general, the Ninth Circuit Court of Appeals has adopted the "lodestar" approach for assessing
22 the award of reasonable attorneys' fees, and district courts have applied the lodestar approach in
23 awarding attorneys' fees as a component of reasonable expenses awarded pursuant to Federal
24 Rule of Civil Procedure 37.  See, e.g., Global Ampersand, LLC v. Crown Eng'g & Constr., Inc.,
25 261 F.R.D. 495, 502 (E.D. Cal. 2009); Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D.
26 329, 332-33 (N.D. Cal. 2008).  The Court of Appeals has advised that the "'lodestar' is

calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). It has further held that "[a]lthough in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Id. (citation omitted).

Here, defendants summarize their request for attorneys' fees as follows:

| Attorneys | Rate | Hours | Totals |
|---|---|---|---|
| Bruce Scheidt | $375 | 3.1 | $1,162.50 |
| Christopher Onstott | $325 | 35.4 | $11,505.00 |
| Jennifer Espanol | $225 | 14.50 | $3,262.50 |
| Total Attorneys' Fees: | | | $15,930.00 |

(Scheidt Decl. ¶ 4.) As with the previous sanction award, the undersigned finds that the hourly rates for Mr. Scheidt, Mr. Onstott, and Ms. Espanol are reasonable in light of the rates charged by comparable attorneys in the Eastern District of California. (See Order, Jan. 25, 2012, at 4.) Additionally, the undersigned finds that the number of hours expended by defendants' counsel in regards to the motion for sanctions, which has been necessary to obtain usable discovery responses from plaintiffs, is reasonable given the voluminous briefing required and plaintiffs' counsel's largely confusing approach to resolving disputes. Accordingly, the undersigned orders plaintiffs' and their counsel, Mr. Farber and Timothy Thimesch, to pay defendants $15,930.00 in reasonable attorneys' fees. This award is imposed jointly and severally on plaintiffs' and Messrs. Thimesch and Farber.

As to defendants' requests for costs, the undersigned finds that defendants are entitled to recover $1,053.95 in reasonable costs in connection with their motion. The declaration submitted by defendants summarizes the costs sought as consisting of $1,053.95 in electronic legal research costs. (Scheidt Decl. ¶ 4.) The undersigned finds that these costs were

1  reasonably incurred, and orders plaintiffs' and their counsel to pay defendants $1,053.95 in
2  reasonable costs.  Again, this award is imposed jointly and severally on plaintiffs' and Messrs.
3  Thimesch and Farber.
4         Despite this large award of sanctions, the undersigned declines to award sanctions
5  or expenses for defendants' counsel's time spent on defendants' reply brief in support of the
6  pending motion, or for counsel's time spent in court on April 12, 2012.  The court's reasons for
7  such reduction of the ultimate ward of sanctions were explained on the record at the hearing, but
8  include the fact that defendants' counsel could have done more in the latter stages of this
9  discovery dispute to "meet and confer" in an attempt to obtain useable, coherent discovery
10 responses.
11        In light of the foregoing, IT IS HEREBY ORDERED that:
12        1.   Defendants are awarded $15,930.00 in attorneys' fees and $1,053.95 in
13 costs as a sanction and as reasonable expenses incurred in pursuing their original motion to
14 compel and their motion for sanctions.
15        2.   Plaintiffs and plaintiffs' counsel, attorneys Timothy S. Thimesch and Gene
16 A. Farber, are jointly and severally liable for the payment of this award, and shall pay the amount
17 of the award to defendants within 45 days of the date of this order.
18        3.   Within seven days of payment, plaintiffs shall file a declaration with the
19 court, signed by both attorneys under penalty of perjury, confirming that the award has been paid.
20        4.   No later than April 26, 2012, at 5:00 p.m., plaintiffs shall serve on
21 defendants complete and coherent further amended responses to the discovery at issue in the
22 motion for sanctions.  In regards to interrogatory responses, plaintiffs' verified responses to each
23 interrogatory shall be self-standing, i.e., providing a response that is complete in itself, provides a
24 factual basis for the response, and does not "incorporate" any other responses to other
25 interrogatories.  If plaintiffs attempt to rely on business records or other records *in addition to*
26 *their written factual response*, plaintiffs shall not only provide the Bates number for each such

1 | document relied on, but *must also clearly relate in the written response* all of the facts from any
2 | such document on which plaintiffs rely.
3 |       5.    Defendants may subsequently file another motion for monetary sanctions,
4 | evidentiary sanctions, or terminating sanctions if plaintiffs' deficient discovery conduct persists.
5 | However, before filing such a motion, defendants' counsel must meet in person with plaintiffs'
6 | counsel to explore a resolution short of filing such a motion.[3]
7 |       IT IS SO ORDERED.
8 | DATED: April 12, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] At the hearing, the court offered its jury room for such a meeting that day. Defendants' counsel expressed an intention to meet with Mr. Farber on April 12, 2012, in the jury room.